IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ernesto Mendoza,                                    Case No. 3:17 CV 1403

                              Plaintiff,            ORDER DISMISSING
                                                    COMPLAINT
              -vs-
                                                    JUDGE JACK ZOUHARY
The University of Toledo Medical Center,
  *et al.*,

                              Defendants.


### INTRODUCTION

Plaintiff *pro se* Ernesto Mendoza filed this action against The University of Toledo Medical Center and Marcus Ma, M.D. (Doc. 1).  The Complaint appears to allege that Plaintiff received inadequate treatment at the Medical Center in July 2016.  Among his allegations are that, even though he was "parilized [sic]," "no D.N.A. was performed," and the "Center thr[ew him] out and stated that [he] was intoxicated" (*id*. at 1).  The Complaint alleges no federal -- or any other specific -- cause of action, but the attached Civil Cover Sheet indicates Plaintiff intended to allege a claim for negligence (medical malpractice).

Mendoza also filed a Motion for leave to proceed *in forma pauperis* (Doc. 2).  That Motion is granted.  For the reasons stated below, the Complaint is dismissed.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, and this Court must consider its subject-matter jurisdiction in all cases. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal Civil Rule 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a federal question is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents a claim between citizens of different states, and the amount in controversy exceeds $75,000.

**ANALYSIS**

The Complaint does not demonstrate a basis for federal subject-matter jurisdiction. As noted, no federal question is presented on the face of the Complaint. Further, the only cause of action discernible is one for negligence under state law, but the Complaint does not allege -- nor does it provide any reason to suspect -- a basis for exercising diversity jurisdiction over that state-law claim.

**CONCLUSION**

Accordingly, the Complaint (Doc. 1) is dismissed for lack of subject-matter jurisdiction under Federal Civil Rule 12(h)(3). This Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____ s/ *Jack Zouhary* _____
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 17, 2017

2